and Grieves, number 232019. Counsel? May it please the court, counsel, Paige Messick for the United States. I would like to reserve some time for rebuttal. The basis, the sole basis for the district court's new trial order in this case was its conclusion that cumulative error had occurred at trial, the type that would be reversible on appeal. But over the course of that analysis, the district court committed several legal errors, most notably adding six ingredients to the cumulative error mix that didn't belong there. If you agree with the government on even one, you should remand to the district court because the district court committed a legal error in exercising its discretion. We cannot know if the district court would have ordered a new trial on some fewer number of errors. It certainly wouldn't have been compelled to do so. And for that reason, there's no alternative basis upon which this court can affirm outright. And so at a minimum, a remand is an order, but the court should take it one step further and direct that count one proceed to sentencing. And that is because ordering a new trial on this developed record is not defensible. The government has conceded that there are three errors that should be in the mix. So let me begin by addressing those. Each of these errors has to be evaluated against the entire trial record. And viewed in that light, each of these errors is insignificant, like a grain of sand on the prejudice side of the scales. The first one that we have is the 15% testimony. That testimony was mainly a count two fact. It was a very small portion of the count one evidence. And essentially the same evidence that came in through that lay witness, Patricia Cullen, later came in through the defendant's own expert witness. So Patricia Cullen said that she did not believe NJM could make the 15% standard without using JSR. Counsel, could I just ask a somewhat broader question before we dive into some of the particulars here? So we had an acquittal on counts two, three, and four, but not on count one. And you say, I think more than once in the briefing, that the acquittal on those three counts had only minimal impact on the body of the conspiracy evidence. But didn't those counts concern at least some of the overt acts alleged in count one? Two of the overt acts, you could say, correspond to the two substantive counts that were acquitted. But those overt acts are different from those substantive counts because the overt acts, if you read the indictment, do not allege that those statements were false. They allege that those statements were made. Overt acts themselves don't have to be criminal. That's black letter law. Well, but didn't the jury, to convict on count one, only need to find one overt act? It did only need to find one overt act. And let me just finish the question. If the jury may have relied on one of the overt acts that was implicated by counts two, three, and four, how do we know that it didn't just rely on that one overt act? But even if it relied on one of those overt acts, and there were many, right? These were not just the two. But even if it relied on one of those overt acts, that's completely fine. Read the overt act that does not, the overt act concerning self-certification does not allege that self-certification was an affirmative false statement. Well, I understand that. But the jury gave specific responses as to which of the four theories of the conspiracy were proved. But it wasn't asked to specify what overt acts it relied upon. Again, let me just finish. And if the jury relied on an overt act which was undermined by the acquittals on two, three, and four, we don't really know then why the jury convicted. And why wouldn't that be a good reason to affirm and send this back for a new trial? We just don't know. So first, let me try to address again the over act reliance on the overt acts and why that would not be a problem. The overt acts don't ask the jury to find that anything criminal was done in an overt act. An overt act can just be sending a piece of mail, making a phone call. It doesn't have to be particularly insidious by itself. So if the jury found that the overt act, even though it had so many overt acts to choose from, if the jury found that the one overt act, that the one overt act, for instance, was making the self-certification, it had to find at least one. The jury was instructed that it had to find at least one, but it only had to find one. It definitely had to find at least one. It could find any number, but we don't know which one. We don't know if it found one or nine or five or three. At this point, why isn't that reason enough to send it back? So I'll assume for the purpose of your question that the jury only found that the defendants submitted self-certification. That still is not a problem for count one because the acquittal was based on the idea that the self-certification was not an affirmatively false statement. The acquittal on count two does not preclude the inference that the self-certification was extremely deceptive and showed an intent to deceive, and it certainly doesn't preclude the fact that the self-certification happened, which is the only thing that that overt act requires. That overt act requires a self-certification was submitted. The other overt act requires that the, I believe that the teaming agreement was submitted. Well, you're making an argument about the degrees now of the overt act, but the problem that you have is the jury may have presumed a degree that, for instance, that the self-certification was not up to standards. But I guess what I'm saying is that this, there's so much overlap here. We don't, I mean, the jury found an actual, actually convicted on two, three, and four. So now you're saying, well, okay, but that act, that overt act didn't actually have to have to amount to facts that would allow a conviction, right? That's right. But again, it just seems like we're talking about a matter of degrees and we don't really, we don't really know which act the jury relied on or to what degree or, I'm a little confused by your argument. I, you could see. I can see it. There's just so much overlap here between the acquitted counts and the conspiracy that you would, we would have to say that this trial judge who saw it all and made this ruling abused her discretion in saying that a new trial was warranted on the conspiracy count. And that's a pretty tough, tough road to hoe here where there was all this overlap. I understand. I understand what you're saying about the overlap. I disagree about the premise that there is that much overlap between the counts. There was no evidence at trial that would not have come in for count one, had count two, three, and four not even been in the case. So we're not distilling down, you're not cutting down the body of evidence on which the jury can convict. And if you look, none of the alleged errors or the acquitted counts take away from the overwhelming weight of the evidence in support of count one and in support of every single one of those overt acts, even if the jury relied on one or two of the overt acts that have a corresponding substantive count, that's a completely harmless because there were all of these other overt acts that the jury could and would have relied on if those two didn't even exist. You can just strike them from the indictment and you know that the jury would have come to exactly the same conclusion because there was no deficiency in evidence for any of the other overt acts. That isn't what the district court said. Didn't the district court say at one point that the evidence weighed against the verdict in count one because the defense presented a credible case for reliance on advice of counsel? The district court did not say that. I'm quoting the district court, but okay. I believe what you're quoting is the, I believe it's on the last page or the second to last page of the district court's opinion, is that the part that you're referring to? I believe the district court said there was a credible, said for the reasons discussed above, there was a credible reliance on the advice of counsel, et cetera, et cetera. But the reasons discussed. So it was the correct quote. Right. But what I'm saying, but the reason, I'm not saying you're misquoting the district court, but I'm trying to drill. Right, you were, but that's okay. Now we're back on track. Okay. But what I'm trying to say is the district court referred above, that line is prefaced by as discussed above, and there was no discussion above about advice of counsel in relation to count one. The district court had never discussed that. The district court discussed the weight of the evidence for counts two, three, and four, and referred back to that discussion, but there was no analysis of count one or how advice of counsel pertained to count one. Fair enough. I understand. I understand what you're saying. But didn't the prosecution argue in district court, maybe not now, that counts two, three, and four were sufficient to hold the defendants liable on count one? I don't recall if the prosecutor said that specifically, that doesn't seem implausible to me. The evidence for two, three, and four. Well, I'm not making this up. No, I'm just, I don't specifically remember. You asked me if we said that, I don't recall. I will accept that you suggest that we said that, but that makes sense because the evidence for two, three, and four, even if you don't take it all the way to the extent of an affirmative false statement, is excellent evidence of conspiracy and the defendant's firm intention to deceive these three government agencies. And so if we suggested that the evidence for two, three, and four can also satisfy count one, that's true, even if those pieces of evidence were a tiny part really of the evidence for count one. The count one conspiracy was so broad, it spanned years. And so, yes, those were good pieces of evidence for the conspiracy, but you can take those three affirmative statements out and say you can't consider them, and there's still overwhelming evidence of guilt here, such that any of the errors that we have conceded or the errors that the district court found happened that we contest wouldn't have made any difference to the jury's verdict. Did the false certification, did the defense rely on advice of counsel? On the false certification, the defense did rely on advice of counsel. And so I guess I'm going back to the line that Judge Matheson was asking about, which is if we assume that Judge Herrera, in discussing the weakness of that evidence, in the sentence before she discussed the omissions and the various errors that led her to grant the new trial, she seemed to be combining that fact, the weakness of the evidence, at least that's how I read it, and in particular with reliance on the advice of counsel, along with these twelve errors cumulatively, I'm going to use my discretion to grant a new trial. If we assume that that was part of that, that the evidentiary, the lack of the strength of the evidence was part of that, you lose, don't you? I'm not sure, are you saying that if we assume that the court said that the evidence was weak as to count one because of advice of counsel and whatever reasons? And I'm reading it to say that right now, yeah. Just assume that. Then no, I still don't think that we lose in that case because the district court, while it gets discretion to weigh the evidence, that discretion can still be abused, and if the district court said here that count one evidence is weak, the district court abused its discretion in doing so. The count one evidence was overwhelming, and you can even take out everything that went specifically to the two, three, and four charges, and it's still overwhelming. We still have, I see I have a minute and a half, but I'll try to hit some of the best evidence, and none of this is affected by the two, three, and four acquittals. We've got JSR's graduation looming from the 8A program, Bobby Graves saying, I'd like to capitalize on my brother-in-law's status. He submits a business plan that lists SDVUSB contracts that his company can't alone support as his own. He gives $100,000 to start up this company, takes only 49% of the ownership, then gives that away for free. When NJM runs out of money, he just gives essentially, here, just take what you need. Any month you're running low, here it is. Gives NJM unlimited below-market labor, that fact that is the key aspect of their company's relationship they hide from their own attorneys. They submit a misleading teaming agreement that even Bobby Graves says makes it look like NJM is going to provide these key personnel for the projects. They both sign and submit a statement saying that they have no business, no other contractual business relationships, that they don't share employees, and that NJM isn't dependent at all on JSR. None of these facts, and this is so far only the facts that involve both of the defendants. Counsel, I appreciate what you've been saying the last couple minutes, but I do have one other question, and I take it you've laid this all out in your brief as well. But I had a question about something else the court said that I puzzled over a little bit. It stated, the verdict was against the weight of the evidence and influenced by cumulative prejudice arising from multiple trial errors. Again, that's an exact quote. So, the appellee wants to say these are two independent grounds, and I'm not sure what is meant by the word and in that sentence. There's weight of evidence and cumulative error. Are these independent grounds, or was the court combining them? I think the court meant them as independent grounds, but I think you have to consider that in the context of it ordering a new trial on 2, 3, and 4 because the verdict was against the weight of the evidence. So, first it says, I'm acquitting on those counts, but if that gets reversed by the Tenth Circuit, there's insufficient work. The verdict is against the weight of the evidence. So on 2, 3, and 4, there are two grounds beyond the acquittals. There is the verdicts preponderating against the evidence, and there are the trial errors. But on count one, we only have the trial errors. So, I think that that sentence was meant as alternative grounds when you're talking about 2, 3, and 4, but for count one, it's only the one. Okay, thank you. May it please the court, Sean Connolly for the defendant, appellees Nick Medeiros and Bobby Graves. A very experienced trial judge who said at page 1410 that she had spent more time on these motions than in any other case she had ever tried. That was at halftime. Spent even more time after trial and said that her concerns about the sufficiency of the evidence and the weight of the evidence had only grown after reviewing the case for many more months in chambers. That was not an abuse of discretion. I'd like to start with challenging the initial sentence that my colleague said, that the sole basis was errors. Now that would be enough, actually. I mean, there were three conceded errors, at least nine errors that were repeated throughout trial. So I think if you could count it, there were dozens of errors. That would be enough. But that's not the only grounds you rely on. Judge Matheson, I think you quoted very accurately on page one, on page 1441, and then on page 61 and 62. So at the beginning, middle, and end of her opinion, she said, this is an exceptional case in which a new trial motion should be granted because the verdict was against the weight of the evidence and was affected by cumulative prejudicial errors. So I think there are multiple grounds for it. I'd like to begin with one that the judge didn't even expressly rely on, but is put into great focus by the fact that she acquitted, substantively acquitted, on counts two, three, and four, acquittals the government has not challenged. So we are, before this court, on a given that even under the deferential standard and the light most favorable to the government, is there proof beyond a reasonable doubt that a reasonable jury could credit? This judge, having sat through the trial, said no. And the government's not challenged yet. And now the government's argument has to be somehow that two, three, and four are just small pieces of the puzzle, count one's broader. Judge Matheson, you said, I think your question was, didn't those counts go to some overt acts? I'd go further than that. It went to every, every single jointly undertaken act, alleged in the indictment, jointly undertaken act, where they said that defendant Nick Medeiros and Bobby Graves together did something. Now, every single jointly undertaken act, be it a teaming agreement, be it a statement that they made collectively to the VA about not sharing employees, every single jointly undertaken act is now not guilty. And that's a given. The government's not challenged yet. So these are not just presumed innocent of those acts. They are now conclusively innocent of all substantive wrongdoing. That was the heart of the government's case. For them to say now, oh no, there's a lot more broader than that, I'd like to go to two. Mr. Counsel, could I just jump in here, because Ms. Messick made the point that the district court analyzed the weight of the evidence for counts two, three, and four. And it's a pretty long opinion, but where did the court analyze the weight of the evidence for count one? Well, broadly, you're talking about, broadly, she said as to all counts, if you look at page one of the opinion, it said the new trial motion be granted because the verdict is against the weight of the evidence and infected by cumulative prejudice. Well, I understand, but there's a stretch in the opinion where it gets pretty focused on two, three, and four on the question of the weight of the evidence. But I didn't see that kind of analysis in the opinion about count one. She didn't say specifically, she said broadly at three points on page one, page 40, 41, and page 60, that the new trial motion, collectively, the verdict is against the weight of the evidence. But I would submit, Your Honor, that when she analyzes two, three, and four, she is also analyzing count one. When she says, for example, that they did not prove major fraud, and that was a charge in count two, the major fraud was that by certifying that you meet the standard for independence and control of a service-disabled veteran, which Nick Madero indisputably was, she said that was not proven because the government did not prove he did not meet that. Now, that was part of the conspiracy account. That was part of count one, conspiracy to commit major fraud. The major fraud that they did not commit, substantively, was one of the four objects of the conspiracy. So when she says count two is just not proven, not proven at all, she's saying it's not only against the weight of the evidence, there was no proof of conspiracy to commit major fraud, one of the four objects of the conspiracy. Then when she says on counts three and four, these false statements were not, not only not material, but not false. That is disproving an object of the, of count one, conspiracy to make materially false statements. And when she says that, you know, that the basis for wire fraud, the third of four conspiratorial objects in count one, was based on payments made under the Air Force contracts that were allegedly induced by major fraud, when she said you didn't prove major fraud there, she's gutted that. So when she says, and goes through very meticulously, and not just says against the weight of the evidence was insufficient, even under the most deferential standard we know in the law really, can any, you know, can any rational jury find guilt beyond a reasonable doubt? It can't do it. So we know that the jury, we know this is a case where the jury acted irrationally, and the government's not challenged that. So we have a case where the swath, the majority of the conspiracy, three of the four objects were just not proven. Conspiracy to commit major fraud, if there's no major fraud, you didn't prove conspiracy to commit major fraud. Conspiracy to commit wire fraud, if the wire fraud payments were not as a result of fraud on the government in the contract, you don't prove that. Okay, you're touching on something that I had another question about. And this is something from your brief. It's on page eight, and it says the court ruled that only part of the prosecution's conspiracy case sufficed legally. That's on the Rule 29 step. Are you saying that only part of the conspiracy count itself survived the Rule 29 motion? Absolutely, Your Honor. I think that she made it clear when she said, so Judge Herrera went through the evidence and said, and this is really the way the prosecution did it, it's so important, she kind of went back into it. She said, I'm going to start with count four, three, two. And then that's really the way the government kind of got to conspiracy, to look at the closing argument. Did the court ever say, we have these four theories of conspiracy alleged in the indictment, and I'm granting Rule 29 on three of them, but not on one of them? That was never said. And that wouldn't even be proper, I guess, because that would either, it's a yay or nay, up or down vote. Is there proof? But what she did say is that, I'm not granting acquittal on count one conspiracy, because it was broader. There were some broader allegations that went beyond the ones I've held are defective. And she did say, when you talk about weight of the evidence, she said on page three or four, there's a problem for the government. The problem for the government is that these two defendants submitted mounds of evidence, this is page three or four, but mounds of evidence revealing the close relationship between these two companies, brother-in-law and brother-in-law. And she also said that, in fact, the government spoke out of both sides' mouth, quite frankly. They encouraged closeness relationship. She said that they encouraged a mentor-protege relationship between these two, SBA did at the end of this whole process. The Air Force said, in the alleged fraud on the Air Force said, we're encouraged by the fact, NGM, the Nick Medeiros kind of startup service disabled veteran business, doesn't have a lot of experience. SBA Air Force said, we're encouraged that JSR, the Bobby Graves' company and Nancy Graves' company is standing behind them. So they were encouraged by this. And the judge, when she says, there's a credible weight of evidence, credible advice of counsel defense, and I credit that in my having seen firsthand and having sat through trial and exercising my ability as a fact finder in a new trial motion, which she doesn't have in an acquittal motion, but she can weigh credibility as a trial judge. She said, I find that they presented a credible defense and the government has problems that do amounts of evidence. I'm just not going to go as far on count one and acquit entirely because it's broader. It subsumes, but it's broader than the defense that I have. As Ms. Messick pointed out, the credible defense was about advice of counsel. And again, it came, its placement in the opinion was, I mean, it was kind of after, a little bit after the fact. Well, it was, I think it was a page, it was at the start of the new trial motion, at the new trial analysis, after the acquittal motion, it was on pages 40 to 44, I think. After she said, I'm acquitting on three counts and I'm going to say there's enough, I'm going to deny rule 29 and the conspiracy because it's broader. It's infected by a lot of the same problems that have affected the, you know, if you don't have any major fraud, you don't conspire to commit major fraud. If a statement's not false at all, you can't conspire to have made that false statement. And I think then when she, so that's really a preface, I think, to her saying, now when I'm considering rule 33, I can serve as a finder of fact and credibility. And that's when she started making findings that I find there was a credible advice of counsel defense, which by the way, goes to the entirety of the case. If you're relying in good faith on counsel in terms of preparing and submitting balance of paperwork in the judge's words, if you're relying on good faith in a very complex regulatory thing and you're having competent counsel, which these clearly were, stand by and said, we think they did the right thing, we advise them on if not every step of the way, many steps of the way, that defeats any notion, if you credit that as the judge did, that defeats any notion that you somehow conspired to defraud the government. That is consistent with a good faith person trying to say, I'm trying to navigate a complex regulatory web, and I'm relying on counsel to do that. So that, when she credits advice of counsel, that clearly goes to count one. If you're relying on good faith of counsel, you're not conspiring to defraud the government. Now she said that within these mounds of paperwork, can they isolate a few false statements and argue that? That's a question for the jury, and that's why she said that it's against the weight of the evidence, the substantive counsel on which were predicates for this were just not proven at all, and there were a multitude of trialers. Was advice of counsel presented as a defense of trial? Oh, absolutely. Absolutely. And they got an instruction on that, and I would say it's rare to get an instruction on that. It's even rarer when you have a judge that sat through it and said, these are credible counsel. You had two counsel that advised in real time, you had an accountant that came in after the  hearing that did not advise in real time, but it said that validated really with the advice that the counsel had given in real time. So it's a very robust defense. There was no dispute that the instruction was warranted, and this judge found the defense was credible. Given all that, I think for this court now to come in, where the judges lived the case, where the judges said, I spent more time in this case and on these issues than I've spent in any case in my career, and I've seen it firsthand, and I have real problems with the weight of the evidence, with the errors, the multiple errors that came in trial. There's really, if I can make two points, one, I've read more new trial cases in the past several months than I ever cared to, and I think there is, I can say with confidence, there is no case, no case anywhere that has ever reversed a trial judge that had such a meticulous opinion, with so many grounds, having seen it firsthand, having made credibility findings, having made findings of error, including the trial judge that said, I erred myself. I made errors. I blew it, and there's no case I can confidently say in this court or any other court that has reversed such a careful decision based on a confluence of factors. In fact, there are many cases that under abuse of discretion review have affirmed much less robust opinions. If I could just make one last point and answer any questions, the idea that counts two, three, and four that are substantively defective or somehow divorced or minimal in the scheme of count one is at odds with the record, at odds with the indictment, given that every jointly undertaken act was charged with a substantive crime, at odds with the prosecution's own arguments, and I'd like to focus in on really two of them. At halftime, the judge expressed a lot of concern and said, where's the proof of conspiracy? I'm not seeing it. And there was many, many pages of dialogue back and forth, and the judge expressed concerns about conspiracy in particular, count one. The prosecutor on page 1420 said, let me start to prove conspiracy with counts three and four. They proved the conspiracy. The two false statements that were jointly made about a teaming agreement and an alleged false statement to the VA that we don't share employees. That was the linchpin. That was the predicate. That's where the prosecutor began in saying, here's why I prove conspiracy, because I got three and four. But lo and behold, three and four don't stand anymore. So the prosecutor's the only argument. Then in closing argument, the prosecutor begins, kind of backs into count one, the conspiracy, by saying for 30 pages, it's on page, I think it's 1500 to 1530 of the transcript, because closing argument, the very, I think it's almost two-thirds of it. So let me talk about the substantive crimes. Let me talk about the false statements about not sharing, about the alleged falsity in the teaming agreement, about the alleged major fraud in the Air Force contract. Those 30 pages of that, each of those counts, then gets to count one and says, count one is really all that. It's all that, and then there's some more, and let me give you some more. So they're trying to say now that it's kind of the breadcrumbs that he threw in at the end. And again, that's really the heart of the case. After the prosecution's own advocacy of trial was that, I'm proving conspiracy because I got these great substantive counts. Joint actions, counts two, counts three, counts four, they're rock solid. Well, now we know they're not rock solid, they don't even meet the rule 29 standards. So given all these circumstances, I think it's a very long, complex case, but I would submit with all due respect, it's an easy case for affirmance. You got a very experienced trial judge, did what trial judges are supposed to do, found many, many grounds, weight of evidence concerns, substantive flaws in the counts, and then multiple, multiple errors. We don't need to go on to three are conceded, and there were many others that the judge supportedly found. Having sat through all that, she said, this is a case, extraordinary case, where in the interest of justice, these defendants should not stand, and they should have a new trial on the one count that remains. We ask this court to affirm. Thank you, counsel. Ms. Messick, if you don't mind, I have one question for you, maybe take another minute. I meant to ask you if you could address this decision in U.S. v. Lake and why that case wouldn't support affirmance here. So in Lake, there was, I think, even more substantial overlap between the conspiracy and the acquitted counts. It seemed like the evidence of the acquitted counts was essentially the only evidence that the government had introduced for the conspiracy, and that's just simply not what we have here. May I have 15 seconds? As long as you're here, let's take, go ahead. Thank you. If you want to make one more point. It sounds like the court is considering affirming on an alternative ground. Not that the district court's cumulative error analysis was correct, but that the district court could have reached the decision to grant a new trial on another ground. And I would just point the court to its precedent that says that when a matter is committed to the district court's discretion, this court will not invoke an alternative ground for affirmance unless the district court would have been compelled to exercise its discretion in that manner. And a citation for that is United States v. Brian Toney, it's a 2020 opinion by Judge Bacharach. Can you say that again? It's United States v. Brian Toney. Brian Toney. And it's a 2020 case. Are you suggesting that that's only if we read or interpret district court's written words as you're interpreting them to only grant the new trial based on the cumulative error that she found? Well, certainly if we disagree with you and we think it was a combination of the fact that the acquitted counts are, there's so much overlapping evidence that the jury heard. If we disagree and we think that was what she was ruling, that along with the cumulative error, that's not really an alternative grounds, is it? I agree. If you think that that's what the district court did, it's not an alternative grounds, but we do not think that the opinion supports that those are the reasons for the district court's decision. Okay. Thank you very much for your time. Thank you. Thank you. I appreciate your arguments this morning. The case will be submitted and counsel are excused.